# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WADE RUSSELL, ON HIS OWN BEHALF**
**AND OTHERS SIMILARLY SITUATED,**

                    **Plaintiffs,**

**-vs-**                                    **Case No.  6:06-cv-1916-Orl-28DAB**

**CIRCLE L ROOFING, INC.,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration following a fairness hearing on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 25)** |
| **FILED:** | **April 19, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

At hearing, the parties set forth the details of the settlement. For the reasons set forth herein, it is **respectfully recommended** that the settlement be **APPROVED** by the Court and the case **dismissed.**

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for both parties participating. Although neither party was present, counsel appeared and indicating that Plaintiff understood and accepted the settlement. Based on the representations of counsel at the hearing, Plaintiff, a salaried manager who performed no manual labor, claimed that he worked "off the clock" overtime, and it was felt, after discovery, that he was owed approximately $13,500.00. Defendant disputed Plaintiff's entitlement to any overtime and contended that Plaintiff was an exempt employee. Defendant notes that the

settlement reflects a business decision, and is not based on a percentage of claimed overtime. Plaintiff's counsel notes that although styled as a collective action, no other employees have come forward to make a similar claim.

In view of the foregoing, the parties agreed to settle the matter for a total of $12,500.00; with Plaintiff to receive $7,500.00, and counsel to receive $4,500.00 in fees and $500.00 for costs. Plaintiff's counsel represented that counsel spent approximately 21 hours of attorney time on the matter. Although the total to be received by Plaintiff is significantly less than the claim, in view of the disputed legal and factual merits of the claim and the substantial risk to Plaintiff of going forward, the settlement appears to be in his best interest and should therefore be approved. While the attorney's fee is higher than awards usually approved by this Court for similar cases, Defense counsel represented at hearing that this fee is reasonable and consistent with (in fact, less than) his agreement with Plaintiff. Absent objection by any party, the Court finds the settlement to Plaintiff to be reasonable and fair, under the circumstances of this case.

It is **recommended** that the settlement be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. As no other employees have come forward to join the suit, if this recommendation is adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 30, 2007.

*David A. Baker*

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy